IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Docket No.: 1:18CR00330 |
| | : | The Honorable T.S. Ellis, III |
| LOGAN McCAULEY | : | |
| Defendant. | : | |

<u>DEFENSE POSITION ON STATUS</u>

COMES NOW LOGAN McCAULEY, Defendant in the above styled case, by and

through Counsel, and hereby files his position with respect to the status of this case. Given the

pandemic and related lockdowns, Mr. McCauley has waived his appearance at the January 22,

2021 hearing as evidenced by his waiver filed on January 13, 2021.

<u>Introduction</u>

Though the Fourth Circuit opinion nominally vacated Mr. McCauley's conviction on the

basis of the improper jury instruction on "purpose", the attached Opinion is a clear statement to

the United States Attorney's Office that there is no violation of Section 2251 here.   As this

Court noted several times throughout the proceedings, this is a **state** case.  Judges Wilkinson,

King and Motz likewise commented during Oral Argument that this is a **state** case.  The written

Opinion even directs the prosecution to the Virginia Statute under which McCauley had already

been charged in the Virginia Circuit Court.  Finally, the Opinion makes it clear the conduct here

simply does not violate Section 2251. This Court should rightly dismiss the case if the

government opts to do anything other than send this back to the Circuit Court of Loudoun

County.

<u>Factual Background</u>

Logan McCauley, a mentally challenged 24-year old adult living in his mother's basement, in Hamilton, Virginia was charged in a one count indictment with Production of Child Pornography in violation of 18 U.S.C. § 2251. The charge was a based on a single, consensual 19 second iPhone video fragment made in the spur of the moment in the midst of-and incidental to-the sexual moment.

Logan McCauley believed he was in an age-appropriate relationship with a 22-year old former high school classmate named Kayla Washington.  McCauley believed this to be true both because of his mental infirmities as well as the minor's organized and sophisticated campaign of deception in which she actively and repeatedly lied to Logan (and her other 5000+ online followers) about her age, name, and life story.  Though Logan initially refused to pick her up, her repeated pleas to him about her situation--at one point saying she was going to die--resulted in this encounter.

As the Court will remember, the indisputable evidence in this case is that there had been no discussions about making any video prior to two consensually engaging in sex and that Logan simply made a spur of the moment decision make the video mid-coitus.  As Logan told the detectives: "*We were in the middle of sex*, and I asked her if we could do the video . . . *I just kind of grabbed my phone*." (emphasis added).  There was no specialized equipment.  There was no production. He never shared or posted the video and, in fact, gave it to the detective without even being asked about its existence.   Logan had all but resolved his case in the state system when the federal authorities arrested him and sought a 15 year mandatory minimum.

Given these indisputable facts, the government was only able to secure a conviction after convincing this Court to instruct the jury that the government need only prove (1) that "a purpose" of the sexual activity was to create the video and (2) that Logan could spontaneously form this specific intent at any time during the sex act. As the Fourth Circuit found, these government initiated instructions fatally misconstrued the parameters of the statute.

### The Fourth Circuit Opinion

If there are two overarching themes to the Opinion and to the Oral argument, they are these:  (1) this is a state case (as Your Honor repeatedly opined) and (2) 2251 does not criminalize the spontaneous decision to make a video in the midst of a sex act (which is exactly what happened here).

The Opinion is attached in its entirety but here are particularly pertinent sections:

> The Constitution vests Congress with enumerated powers to punish certain behavior, while reserving the general police power for the States. U.S. Const. art. I, § 8; *id.* amend. X; *see also United States v. Lopez*, 514 U.S. 549, 551, 561 (1995). Thus, given the structure of our federal criminal justice system, we would expect that state laws criminalizing sexual activity with minors would encompass a broader range of conduct than federal laws. Here, for example, the criminal conduct of placing minors in sexual activity is captured by criminal statutes other than § 2251(a)—in particular, state sexual abuse provisions, which often impose strict liability. *See, e.g.*, Md. Code Ann., Crim. Law § 3-304; N.C. Gen. Stat. § 14-27.25; S.C. Code Ann. § 16-3-655. This includes the state sexual abuse

provision under which the defendant was originally—and could still be— prosecuted. *See* Va. Code. Ann. § 18.2-63 (statutory maximum of ten years).

Our own precedent confirms both the breadth and the limits of § 2251(a). In *Palomino-Coronado*, we vacated a defendant's conviction because "[t]he single photo [was] not evidence that Palomino-Coronado engaged in sexual activity with [the minor] *to* take a picture, only that he engaged in sexual activity with [the minor] *and* took a picture." 805 F.3d at 132. **Accordingly, § 2251(a) does not criminalize a spontaneous decision to create a visual depiction in the middle of sexual activity without some sufficient pause or other evidence to demonstrate that the production of child pornography was at least a significant purpose. Adducing "a purpose" arising only at the moment the depiction is created erroneously allows the fact of taking an explicit video of a minor to stand in for the motivation that animated the decision to do so.** (emphasis added).

Given this holding, there can be no question that the Fourth Circuit quite specifically and bluntly put this case back in the government's hands to prosecute in state court--consistent with what this Court had already told the prosecution. There are now two Fourth Circuit cases directly on point, *Palomino* and *McCauley* itself.  In short, the conduct here should not be prosecuted under 2251.

Respectfully submitted,
Logan McCauley


By Counsel
_____/s/_____
Frank Salvato
1203 Duke Street
Alexandria, Virginia 22314
703-548-5000
Bar No. 30453
Frank@Salvatolaw.com


_____/s/_____
Christopher Amolsch
Bar No. 43800
12005 Sunrise Valley Drive
Suite 200
Reston, Virginia 20191
703-969-2214
chrisamolsch@yahoo.com
Counsel for McCauley


## **CERTIFICATE OF SERVICE**

I, hereby certify, that on the 14th day of January, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following and all parties to this action:


United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3700


_____/s/_____
Frank Salvato