VIRGINIA:

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

COMMONWEALTH OF VIRGINIA :
:
v. : CRIMINAL NO:
: 36255
LOGAN ROY MCCAULEY, :
*Defendant.* :
:

## PLEA OF GUILTY TO A FELONY

(1) My name is Logan Roy McCauley and my date of birth is April 3, 1993.

(2) I am represented by counsel whose name is Eric J. Demetriades.

(3) I have received a copy of the indictment before being called upon to plead. I have read it and discussed it with my attorney, and I understand the charge(s) against me. I am the person named in the indictment. I have told my attorney all the facts and circumstances, as known to me, concerning the case against me. My attorney has explained to me the elements of

Carnal Knowledge, a violation of §18.2-63 of the Code of Virginia.

(4) My attorney has explained what the Commonwealth must prove to convict me and has advised me as to any possible defenses I might have in this case. I understand that by pleading guilty I admit that I committed the offense[s] as charged in the indictment and the only issue to be decided by the Court is punishment. I understand that by pleading guilty I waive my right to an appeal.

(5) I understand that by pleading guilty I waive all objections to the admissibility of evidence, the legality of my arrest, and any search and seizure of property.

(6) I understand that I may, if I so choose, plead "Not Guilty" to any charge against me, and if I do plead "Not Guilty" the Constitution guarantees that I would have:

    (a)    the right to a speedy and public trial by jury, with a lawyer to help me at all stages of the proceedings, and the jury must unanimously agree that I am guilty beyond a reasonable doubt before I can be convicted; and

    (b)    the right to confront all witnesses against me and the right to cross-examine those witnesses; and

    (c)    the right to require the Commonwealth to prove every element of the crime against myself beyond a reasonable doubt; and

    (d)    the right to appellate review of the decision of this Court in the event I am convicted; and

    (e)    the right to remain silent and not take the stand or give testimony against myself and I understand that no inference could be drawn from my failure to testify.

    I understand that I am waiving these rights by pleading guilty.

(7) I understand that by pleading guilty I subject myself to the same possible penalties as if I had been convicted of the same offenses after a trial by jury or the Court sitting without a jury. I understand that the following are possible penalties for each offense:

**CLASS 4 FELONY: a term of imprisonment of not less than two (2) years nor more than ten (10) years and a fine of not more than $100,000.00 (one hundred thousand dollars).**

I understand that probation may or may not be granted, and that sentences for more than one offense are served consecutively (one after another) unless otherwise ordered by the Court. I understand that if I have been previously sentenced to confinement in a penitentiary additional punishment can be imposed under the multiple offender statutes.

(8) No officer or employee of the State or County or Commonwealth's Attorney's Office, nor anyone else, has in any manner threatened me or forced me to enter this plea of guilty.

(9) All agreements, if any, in connection with this case are described in this document.

(10) I understand the judge may reject any agreement I have reached with the Commonwealth. If the agreement is rejected, I understand that I have the right to withdraw my plea and enter a different plea if I so choose.

I understand that any sentence recommendation made by the Commonwealth is not binding upon the Court which may impose any sentence permitted under the laws of Virginia for the offense.

I have considered any offers made by the Commonwealth to resolve this case by agreement or recommendation after consultation with my attorney.

(11) I understand that, as a consequence of my conviction(s), I will be required to register with the Department of State Police pursuant to Chapter 9 of Title 9.1 of the Code of Virginia. I understand that my responsibilities now require me to:

    (a) Provide to the local law-enforcement agency of the county or city where I physically reside all information required by the Department of State Police for inclusion in the Sex Offender and Crimes against Minors Registry;

(b) Register in person, within three (3) days of my release from confinement, or, if I am not sentenced to an active period of incarceration, within three (3) days of my sentencing date in this case, with the local law-enforcement agency of the county or city where I physically reside.

(c) I understand that I shall:
   a. submit to being photographed;
   b. submit to have a sample of my blood, saliva, or tissue taken for DNA analysis and submission to the DNA databank;
   c. provide electronic mail address information, any instant message, chat or other Internet communication name or identity information that I use or intend to use;
   d. submit to have my fingerprints and palm prints taken;
   e. provide information regarding my place of employment, and;
   f. provide motor vehicle, watercraft, and aircraft registration information for all motor vehicles, watercraft, and aircraft owned by me;
   g. submit to any other requirements as prescribed by law;

(d) I understand that I shall be required to reregister, as prescribed by law, in person, with the local law-enforcement agency in the county or city in which I physically reside following:
   a. any change of name;
   b. any change of residence, whether within or without the Commonwealth;
   c. any change of employment, whether within or without the Commonwealth;
   d. any change of owned motor vehicle, watercraft, and aircraft registration information, whether within or without the Commonwealth;
   e. any change of my electronic mail address information, any instant message, chat or other Internet communication name or identity information that I use or intend to use, whether within or without the Commonwealth;
   f. submit to any other requirements as prescribed by law;

(e) designate a location that can be located with reasonable specificity where I reside or habitually locate myself, if I do not have a legal residence;

(f) Reregister with the Department of State Police every year;

(g) Continue to reregister until my duty to do so is terminated by a court order pursuant to Va. Code § 9.1-910.

(h) I understand that, as a consequence of my placement on the Sex Offender and Crimes against Minors Registry I may be prohibited from:
   (a) loitering within one hundred (100) feet of the premises of any place I know or have reason to know is a primary, secondary, or high school;

  (b) loitering within one hundred (100) feet of the premises of any place I know or have reason to know is a child day program as defined by law;
  (c) going, for the purpose of having any contact whatsoever with children who are not in my custody, within one hundred (100) feet of the premises of any place owned or operated by a locality that I know or should know is a playground, athletic field or facility, or gymnasium;
  (d) residing within five hundred (500) feet of the premises of any place I know or have reason to know is a child day center as defined by law, or a primary, secondary, or high school;
  (e) residing within five hundred (500) feet of the boundary line of any place I know is a public park when such park: a) is owned and operated by a county, city, or town; b) shares a boundary line with a primary, secondary, or high school, and; c) is regularly used for school activities;
  (f) working or engaging in any volunteer activity on property I know or have reason to know is a public or private elementary or secondary school or child day center property;
  (g) entering or being present during school hours and during school-related or school-sponsored activities upon any property I know or have reason to know is a public or private elementary or secondary school or child day center property;
  (h) entering on any school bus as defined by law;
  (i) entering upon any property, public or private, during hours when such property is solely being used by a public or private elementary or secondary school for a school-related or school-sponsored activity.

(12) I make no claim of innocence, and I freely and voluntarily plead guilty to the crime(s) described in paragraph 3, above, because I am, in fact, guilty.

(13) My attorney and I have reached the following resolution of my case with the Attorney for the Commonwealth pursuant to Rule 3A:8(c) of the Supreme Court of Virginia:

 a. I will plead guilty to and be found guilty of the felony of Carnal Knowledge, a violation of §18.2-63 of the Code of Virginia, as charged in Count 1 of Indictment Number 36255

 b. I agree that as a condition of this plea, in any future probation violation or rule to show cause hearing in this case, if my probation is transferred out of District 25, I hereby waive any due process, confrontation, and hearsay objections, as to the admission as evidence of any probation violation report or letter.

 c. I agree that any and all electronic media seized in connection with this case that contains contraband of any type, including but not limited child sexual exploitation shall be forfeited to the Commonwealth and ordered destroyed.

    d.    I agree that the Commonwealth will request that a report be prepared pursuant to 19.2-300 and 19.2-301. I will not object to preparation of that report

    e.    There is no agreement about what sentence I will receive, and I understand that both parties are free to argue the appropriate punishment at the time of my sentencing and to make recommendations to the judge. I understand that the judge may suspend any portion of the sentence imposed except for any term defined as "mandatory minimum." This is the entire agreement, and no one has made me any other commitments or promises of leniency.

(14) I understand that a Presentence Investigation Report may be ordered. If ordered, a probation officer will prepare the report for consideration by the Court. I may also waive my right to a Presentence Investigation Report. I understand that Virginia Sentencing Guidelines will be prepared, but the Court will ultimately decide the appropriate guidelines. I further understand that the calculation of the Sentencing Guidelines and the final determination of any correction to the Guidelines made by the Court may not be the same calculation that I expect based on consultation with my attorney. I understand that an unexpected, unfavorable calculation of the Virginia Sentencing Guidelines will not be a basis for me to withdraw my plea pursuant to this plea agreement.

(15) I understand that in the event my pleading guilty affects any probation, parole, or suspended sentence I am currently serving, or any other charges I have currently pending, this is not a basis for me to withdraw my plea of guilty.

(16) I am entirely satisfied with the services of the attorney who has represented me in this matter.

(17) I acknowledge that I have been informed of the provisions of Section 19.2-310.2, Code of Virginia, which requires every person convicted of a felony to have a blood, saliva, or tissue sample taken for DNA analysis and inclusion in the DNA data bank.

(18) I acknowledge that I have been informed of the provisions of Section 18.2-251.01, of the Code of Virginia which requires every person convicted of a felony to undergo a substance abuse screening and assessment. If the person is determined to have a substance abuse problem, such person shall be required to enter a treatment and/or education program. I also understand that as a condition of any suspended sentence and probation, I may be required to undergo periodic testing and treatment for substance abuse if the court deems such conditions appropriate based upon consideration of the substance abuse assessment.

(19) I understand that, in the event I am not a citizen of the United States, my pleading guilty to this/these charge[s], as well as any subsequent disposition, conviction, or sentence I receive, may adversely affect my ability to legally remain in the United States, or bar me from becoming a United States citizen. I further understand that,

should I suffer any adverse consequences to my ability to remain in the United States legally, such will not be a basis for me to withdraw my plea of guilty.

I further understand that entry of a guilty plea may carry a wide variety of collateral consequences, including but not limited to: civil commitment, civil forfeiture, the loss of the right to vote, loss of security clearances, disqualification from public benefits, employability, ineligibility to possess firearms, dishonorable discharge from the Armed Services, loss of driving privileges, and loss of business licenses. I understand these and other collateral consequence not specifically stated herein will not be a basis to withdraw my plea of guilty.

My attorney has discussed these, and other collateral consequences with me.

(20) I agree to pay the costs of this prosecution pursuant to the terms contained within Section 19.2-340 of the Code of Virginia, and I understand that court costs shall bear interest at the legal rate of interest applicable to judgments.

(21) I therefore freely and voluntarily make no claim of innocence and plead guilty to 1 count of Carnal Knowledge, a violation(s) of §18.2-63 of the Code of Virginia as charged in the Indictment in Criminal No. 36255.

(22) I understand that the Court will place me under oath to inquire into my plea of guilty.

Signed by me in the presence of my attorney this _____ day of _____, 20___.

_____
LOGAN ROY MCCAULEY
Defendant

The above accords with our understanding of the resolution of this case.

_____
Eric J. Demetriades
Counsel for the Defendant
VSB No: 75478
The Laurel Brigade Law Group
20 West Market Street
Leesburg, VA 20176
Office: 703-777-6161

_____
Barry A. Zweig
Deputy Commonwealth's Attorney
VSB No: 39605
20 East Market Street
Leesburg, VA 20176
Office: 703-777-0242
Facsimile: 703-777-0160
oca@loudoun.gov